# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA : | Hon. Tonianne J. Bongiovanni |
| v. : | Mag. No. 20-3013 |
| JUSTIN D. SPRY, : | **AMENDED** |
| KILLIAN F. MELECIO, and : | **CRIMINAL COMPLAINT** |
| KADEEM A. DOCKERY : | |

I, Kristin Bell, being duly sworn, state that the following is true and correct to the best of my knowledge and belief.

SEE ATTACHMENT A

I further state that I am a Special Agent with the Federal Bureau of Investigation and that this complaint is based on the following facts:

SEE ATTACHMENT B

continued on the attached page and made a part hereof.

s/ ***Kristin Bell***
Kristin Bell, Special Agent
Federal Bureau of Investigation

Attested to me by telephone pursuant to FRCP 4.1(b)(2)(A),
August 4, 2020, in the District of New Jersey

HONORABLE TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE      Signature of Judicial Officer

**RECEIVED**

AUG 4 - 2020

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## ATTACHMENT A

## COUNT ONE
**(Attempt to Damage Government Property by Fire)**

On or about May 31, 2020, in Mercer County, in the District of New Jersey, and elsewhere, the defendants,

**JUSTIN D. SPRY,
KILLIAN F. MELECIO, and
KADEEM A. DOCKERY,**

did knowingly, intentionally, and maliciously damage and destroy, and attempt to damage and destroy, by means of fire, a vehicle, and other real and personal property, which was owned and possessed by an institution or organization receiving Federal financial assistance, namely, a Trenton Police Department vehicle bearing New Jersey license plate number MG68426.

In violation of Title 18, United States Code, Sections 844(f)(1) and 2.

## COUNT TWO
### (Attempt to Damage Property in Commerce by Fire)

On or about May 31, 2020, in Mercer County, in the District of New Jersey, and elsewhere, the defendants,

JUSTIN D. SPRY,
KILLIAN F. MELECIO, and
KADEEM A. DOCKERY,

did knowingly, intentionally, and maliciously damage and destroy, and attempt to damage and destroy, by means of fire, a vehicle, and other real and personal property, which was used in interstate and foreign commerce and in an activity affecting interstate and foreign commerce, namely, a Trenton Police Department vehicle bearing New Jersey license plate number MG68426.

In violation of Title 18, United States Code, Sections 844(i) and 2.

## ATTACHMENT B

I, Kristin Bell, am a Special Agent with the Federal Bureau of Investigation. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with witnesses and other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and in part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about May 25, 2020, George Floyd died while in the custody of the Minneapolis, Minnesota, Police Department. The circumstances surrounding Floyd's death drew national media attention. In the days following Floyd's death, large-scale protests were held throughout the United States.

2. One such protest took place on or about Sunday, May 31, 2020, in and around Trenton, New Jersey. While the protest earlier in the day was peaceful, violence erupted later. Among other things, a group of individuals proceeded down East State Street in Trenton and began to riot, smashing store fronts, looting stores, and attacking multiple marked Trenton Police Department vehicles parked on the 100 Block of East State Street.

3. At approximately 8:13 p.m., a City of Trenton street camera captured defendant KADEEM A. DOCKERY attempting to light an explosive device while standing by the driver's side door of one of the Trenton Police vehicles. Law enforcement identified DOCKERY in the street camera footage by, among other things, his distinctive forearm tattoos. At or around the same time, an individual standing in the street behind DOCKERY captured DOCKERY with a video camera, the footage of which later was made publicly available online by a media outlet (the "Media Footage"). The Media Footage captured DOCKERY, wearing a yellow t-shirt, attempting to light an explosive device. Thereafter, the Media Footage captured DOCKERY lighting the explosive device and throwing it through the open front driver's side window of a Trenton Police vehicle bearing New Jersey license plate number MG68426 (the "Vehicle"). Thereafter, the Media Footage captured the sound of an explosion, and smoke emanating from the front driver's side window of the Vehicle.

4. At approximately 8:20 p.m., a City of Trenton street camera captured DOCKERY remove his yellow t-shirt and hand it to defendant KILLIAN F. MELECIO. After DOCKERY removed his yellow t-shirt, the street camera footage captured DOCKERY's distinctive neck tattoo. MELECIO, also captured in the street camera video, was shirtless and clearly identifiable by his own distinctive chest tattoos. Immediately after he received the t-shirt from DOCKERY, MELECIO walked around the rear of the Vehicle toward the

passenger's side. As he walked past the rear bumper of the Vehicle, another individual handed MELECIO a folder containing papers.

5. Seconds after he received DOCKERY's shirt and the papers, MELECIO began stuffing the shirt into the gas tank of the Vehicle. MELECIO then attempted to ignite the shirt, but was unsuccessful in doing so. Thereafter, defendant JUSTIN D. SPRY, who also was captured by the street camera video, approached to assist MELECIO. The street camera footage captured SPRY, using an unidentified means of ignition, attempt to ignite DOCKERY's shirt and the papers MELECIO had obtained while inserting them into the Vehicle's gas tank. The street camera footage captured defendant MELECIO remaining near the gas tank to assist SPRY. Thereafter, law enforcement officers approached the Vehicle as SPRY attempted to ignite it, at which time MELECIO fled. As the officers approached, SPRY attempted to flee, but the officers ultimately subdued SPRY and placed him under arrest.

6. Moments later, at approximately 8:21 p.m., while the officers were arresting SPRY on the sidewalk behind the passenger's side of the Vehicle, the street camera video captured DOCKERY crouch on the other side of the Vehicle, light another explosive device, and throw it over the Vehicle at the officers. DOCKERY then fled, and the device exploded at the officers' feet.

7. At all times relevant to this criminal complaint, including on or about May 31, 2020, the City of Trenton and the Trenton Police Department owned and possessed the Vehicle. At all times relevant to this criminal complaint, the City of Trenton and the Trenton Police Department were entities receiving financial assistance from the Federal Government of the United States.

8. The City of Trenton and the Trenton Police Department conduct business in interstate commerce by, among other means, purchasing goods in interstate commerce, including vehicles. The City of Trenton and the Trenton Police Department also engage in activities affecting interstate commerce, including the administration and enforcement of laws. The Vehicle was used in the City of Trenton and Trenton Police Department's law enforcement and other activities in and affecting interstate commerce.