

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*



RECEIVED
JAN 2 6 2021
AT 8:30_____M
WILLIAM T. WALSH CLERK

---

CRAIG CARPENITO
*United States Attorney*

402 East State Street, Room 430
Trenton, New Jersey 08608

(609) 989-2190

AER/PL AGR
2020R00755

September 21, 2020

Mark G. Davis, Esq.
The Davis Law Firm LLC
2653 Nottingham Way
Hamilton, NJ 08619
609-587-9100
mdavis@davisfirmllc.com

Re: <u>Plea Agreement with Killian F. Melecio</u> /21-77 (BRM)

Dear Mr. Davis:

This letter sets forth the plea agreement between your client, Killian F. Melecio ("KILLIAN MELECIO"), and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on October 13, 2020, if it is not accepted in writing by that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from KILLIAN MELECIO to a one-count Information charging KILLIAN MELECIO with attempting to obstruct, impede, or interfere with law enforcement officers engaged in their official duties incident to and during the commission of a civil disorder, adversely affecting commerce, in violation of 18 U.S.C. § 231(a)(3). If KILLIAN MELECIO enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against KILLIAN MELECIO for his conduct during the civil disorder in Trenton, New Jersey, on May 31, 2020, as set forth in the criminal complaint filed in <u>United States v. Justin D. Spry, et al.</u>, 20-MJ-3013. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, KILLIAN MELECIO agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the

date that this agreement is signed by KILLIAN MELECIO may be commenced against him, notwithstanding the expiration of the limitations period after KILLIAN MELECIO signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 231(a)(3) to which KILLIAN MELECIO agrees to plead guilty in the Information carries a statutory maximum sentence of five years in prison and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon KILLIAN MELECIO is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence KILLIAN MELECIO ultimately will receive.

Further, in addition to imposing any other penalty on KILLIAN MELECIO, the sentencing judge: (1) will order MELECIO to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order MELECIO to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may require MELECIO, pursuant to 18 U.S.C. § 3583, to serve a term of supervised release of not more than three (3) years, which will begin at the expiration of any term of imprisonment imposed. Should MELECIO be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, MELECIO may be sentenced to not more than two (2) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be

imposed on KILLIAN MELECIO by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of KILLIAN MELECIO's activities and relevant conduct with respect to this case.

## Stipulations

This Office and KILLIAN MELECIO agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or KILLIAN MELECIO from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and KILLIAN MELECIO waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

KILLIAN MELECIO understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by

- 3 -

making him deportable, excludable, or inadmissible, or ending his naturalization. KILLIAN MELECIO understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. KILLIAN MELECIO wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. KILLIAN MELECIO understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, KILLIAN MELECIO waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against KILLIAN MELECIO. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against KILLIAN MELECIO.

No provision of this agreement shall preclude KILLIAN MELECIO from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that KILLIAN MELECIO received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between KILLIAN MELECIO and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

*Alexander E. Ramey*

By: ALEXANDER E. RAMEY
MICHELLE S. GASPARIAN
Assistant United States Attorneys

APPROVED:

J. BRENDAN DAY
Attorney-in-Charge
Trenton Branch Office

I have received this letter from my attorney, Mark G. Davis, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 10/13/2020
Killian F. Melecio
*Killian Melecio, by Attorney Davis*

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 10/13/2020
Mark G. Davis, Esq.

- 6 -

Plea Agreement with Killian F. Melecio

## Schedule A

1.  This Office and Killian F. Melecio ("KILLIAN MELECIO") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and KILLIAN MELECIO nevertheless agree to the stipulations set forth herein and agree that the Court should sentence KILLIAN MELECIO within the Guidelines range that results from the total Guidelines Offense Level set forth below. This Office and KILLIAN MELECIO further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines Offense Level.

2.  On May 31, 2020, KILLIAN MELECIO maliciously attempted to damage and destroy, by means of fire, a vehicle owned and possessed by an organization receiving Federal financial assistance, namely, a Trenton Police Department vehicle bearing New Jersey license plate number MG68426. See 18 U.S.C. § 844(f)(1); U.S.S.G. § 1B1.2(a).

3.  The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case. The guideline applicable to the 18 U.S.C. § 231(a)(3) charge in the Information to which KILLIAN MELECIO agrees to plead guilty is U.S.S.G. § 2K1.4. See U.S.S.G. § 1B1.2(a); 18 U.S.C. § 844(f)(1); see also U.S.S.G. § 2X5.1.

4.  The Base Offense Level is 20 because the defendant created a substantial risk of death or serious bodily injury to any person other than a participant in the offense, including creating that risk to fire fighters and other emergency and law enforcement personnel who responded to or investigated the offense. U.S.S.G. § 2K1.4(a)(2)(A) & Application Note 2.

5.  Except as otherwise set forth herein, no other (i) specific offense characteristics, (ii) Chapter 2 guidelines, including but not limited to U.S.S.G. § 2X1.1(b)(1), and/or (iii) Chapter 3 guidelines apply.

6.  As of the date of this letter, KILLIAN MELECIO has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, if KILLIAN MELECIO's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) & Application Note 3.

7.  As of the date of this letter, KILLIAN MELECIO has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting

this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in KILLIAN MELECIO's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) KILLIAN MELECIO enters a plea pursuant to this agreement, (b) this Office in its discretion determines that KILLIAN MELECIO's acceptance of responsibility has continued through the date of sentencing and KILLIAN MELECIO therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) KILLIAN MELECIO's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8. In accordance with the above, the total Guidelines Offense Level applicable to KILLIAN MELECIO is 17.

9. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines Offense Level is reasonable.

10. KILLIAN MELECIO knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines Offense Level of 17. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines Offense Level of 17. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.